UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

SARAH SEYMOUR,                                          :

                                          :    Case No.:    1:25-cv-01028 (GTS/PJE)

                 Plaintiff,                             :

                                          :

       -against-                                     :    **COMPLAINT**

                                          :

HALAL SHACK UALBANY LLC and THE HALAL     :    **JURY TRIAL DEMANDED**
SHACK INC,                                             :

                                          :

               Defendants.                           X

---------------------------------------------------------------

## PRELIMINARY STATEMENT

1.       This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law to remedy the unlawful discrimination and hostile work environment, and retaliation perpetrated against Plaintiff Sarah Seymour by Defendants Halal Shack UAlbany LLC and The Halal Shack Inc (collectively, "Halal Shack" or "Defendants").

2.       Defendants subjected Plaintiff to severe and/or pervasive discrimination and harassment on the basis of her sex, including by subjecting her to a hostile work environment and terminating her; and further terminated Plaintiff in retaliation for complaining about sex discrimination and harassment.

3.       Plaintiff seeks declaratory relief, compensatory damages for lost wages and benefits, emotional distress damages, punitive damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

## JURISDICTION AND VENUE

1

4.    This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq., as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

5.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims arise under the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and are so related to the federal claims that they form part of the same case or controversy.

6.    Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this judicial district in the County of Albany.  Defendants are subject to personal jurisdiction in this district.

7.    All conditions precedent to jurisdiction under Title VII have been satisfied. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around June 30, 2023, Charge No. 525-2023-01972, alleging violations of Title VII.  The EEOC issued a Notice of Right to Sue on May 6, 2025, Charge No. 525-2023-01972, and this action is being brought within ninety (90) days of Plaintiff's receipt of this notice.

**ADMINISTRATIVE REQUIREMENTS**

8.    On June 30, 2023, Plaintiff filed a charge of discrimination with the EEOC, Charge No. 525-2023-01972, alleging discrimination on the basis of sex, sexual harassment and retaliation.

9.    The EEOC issued a Notice of Right to Sue on May 6, 2025, Charge No. 525-2023-01972, and this action is being brought within ninety (90) days of Plaintiff's receipt of that notice.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## THE PARTIES

14.     Plaintiff Sarah Seymour is a woman over the age of eighteen.  Plaintiff was hired by Defendants as a Front of House Associate ("FHA") on August 19, 2022.

15.     At all relevant times, Defendants Halal Shack operated a restaurant serving Middle Eastern and Mediterranean food on the campus of the State University of New York at Albany, 1400 Washington Ave, Albany, NY 12206.

16.     At all relevant times, Defendant Halal Shack UAlbany LLC and Defendant The Halal Shack Inc each employed more than fifteen (15) employees and are employers within the meaning of Title VII and the New York State Human Rights Law.

17.     Defendant The Halal Shack Inc is a domestic business corporation incorporated under the laws of the state of New York.

18.     At all relevant times, Defendants acted as a single integrated employer or enterprise and/or joint employers.

## STATEMENT OF FACTS

19.     Plaintiff was hired by Defendants as an FHA on August 19, 2022 and her last day of work was October 28, 2022.  Plaintiff's job duties included taking orders, preparing food, and putting food out for customers.  Plaintiff was promoted to Front House Supervisor ("FHS") on or before October 3, 2022.

20.     From the first day of her employment, Plaintiff was subjected to inappropriate sexually charged comments and unwanted sexual advances by Halal Shack's General Manager and her direct supervisor, Isaac Dorsey.  Mr. Dorsey had the power to hire and fire Plaintiff and

3

other employees. For example, Mr. Dorsey fired "Phatz," Kasey (last name unknown), and Larina (last name unknown).

21. Dorsey's sexually charged comments in person included, but were not limited to, "I like the way you say my name but I rather you scream it" and "your ponytail makes me want to pull it." Mr. Dorsey made a sexual remark to Plaintiff every shift that she worked with him, which was about four to five times per week.

22. Further, on October 12, 2022, Dorsey texted Plaintiff, "Don't you leave without giving me my time with you (kissing face emoji)," "WYA," "Come down woman your off (angry face emoji)." When Mr. Dorsey told Plaintiff to "come down," he was referring to the basement where Mr. Dorsey sexually assaulted Plaintiff. There, Mr. Dorsey forcibly groped Plaintiff's breasts and genitals, pulled at her clothing and bit her neck. Generally speaking, these degrading and traumatizing assaults occurred four to five times per week, whenever Plaintiff worked a shift with Mr. Dorsey.

23. On October 18, 2022, Mr. Dorsey texted Plaintiff, "so tell me what is it that you like (winking and kissing face emoji)." On October 23, 2022, Mr. Dorsey texted Plaintiff, "Also no more leaving early (mad face emoji) I missed your ass on Friday (sad face emoji)"; "how do you deal with pent up energy and emotions then?" He went on to ask her plans for the day and stated, "You'd have more fu[n]. With me, just sayin (wink and tongue emoji);" and "You know you're making me wanna pull on that ponytail while you be screaming my name just sayin."

24. Inasmuch as Dorsey was Plaintiff's direct supervisor and had a close relationship with Halal Shack's owner, Jamal Rasoully, and the rest of the all-male supervising staff, Plaintiff was terrified to report him. However, on October 24, 2022, Plaintiff summoned the courage to report Dorsey's sexual harassment and assaults to the Director of Operations, Michael Dingman.

Dingman then had Plaintiff speak with Rasoully, who recorded Plaintiff's statement. Thereafter, Dorsey was sent home for the remainder of that day and allegedly suspended.

25.     On October 26, 2022, upon reporting to work, Plaintiff was shockingly demoted back to FHA by Dingman. Dingman outrageously informed Plaintiff that since Dorsey "hired [her] it doesn't look right" that she maintains her promoted position. As stated above, Plaintiff had been promoted from FHA to FHS on or before October 3, 2022. While Plaintiff was repeatedly promised an increase in pay by Dorsey that never came, she assumed the responsibilities of an FHS by supervising the FHAs upon receiving said promotion.

26.     In addition to said demotion, from that moment forward Regional Manager Shafi Shairzai relentlessly criticized Plaintiff's every move, repeatedly threatening to write her up. It could not have been more obvious that Plaintiff was being retaliated against for reporting Dorsey's sexual harassment and assaults. It should be noted that while it was posted on the Deputy that Dorsey was no longer with the company, his images, name and quote remain on Halal Shack's website.

27.     On October 28, 2022, Shairzai continued his relentless bullying of Plaintiff. Upon reporting to work and commencing her duties, Shairzai resumed unjustifiably criticizing and berating Plaintiff throughout the day. Later when she went on her approved break, Shairzai abruptly pulled Plaintiff aside and informed her that she was being sent home because of her "disgusting attitude." Stunned, Plaintiff collected her belongings and became visibly upset. Upon observing her demeanor, Rasoully, the owner of the company, and Shairzai shockingly mocked and laughed at Plaintiff for crying. Plaintiff told them she felt targeted and might contact an attorney as she walked away. Rasoully then responded, "Don't bother coming back," "She's fired anyway."

28.    Thereafter, on October 31, 2022, Halal Shack sent Plaintiff an email which absurdly stated, "Based on your recent actions of walking off the job site and communicating your intent not to return, at your request, the Halal Shack will be accepting your resignation effective today, October 31, 2022."  As set forth herein, Plaintiff never resigned, she was swiftly demoted, bullied and thereafter fired for no other reason than retaliation for reporting Halal Shack's unlawful behavior.

29.    As a direct result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered lost wages and benefits, severe emotional distress and mental anguish.

### AS AND FOR A FIRST CAUSE OF ACTION
### Sex Discrimination in Violation of Title VII, 42 U.S.C. § 2000e *et seq*.
### (Against All Defendants)

48.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

49.    Defendants discriminated against Plaintiff in violation of her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by subjecting her to sexual harassment and discrimination with respect to her compensation, terms, conditions or privileges of employment on the basis of her sex, including, but not limited to, by subjecting her to a hostile work environment and terminating her employment.

50.    The conduct complained of was severe and pervasive, creating an intimidating, hostile, and offensive work environment that altered the terms, conditions and privileges of Plaintiff's employment.

6

51.     Defendants knew or should have known about the sexual harassment and hostile work environment but failed to take appropriate corrective action despite Plaintiff complaining about sexual harassment to Defendants.

52.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, anxiety, and mental anguish.

53.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages, including lost wages, benefits, and other compensation.

54.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under Title VII, warranting an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Sex Discrimination in Violation of**
**New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.**
**(Against All Defendants)**

50.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

51.     Defendants discriminated against Plaintiff in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., by subjecting her to sexual harassment and discrimination with respect to her compensation, terms, conditions or privileges of employment on the basis of her sex, including, but not limited to, by subjecting her to a hostile work environment and terminating her employment.

52.     The conduct complained of was sex discrimination that altered the terms, conditions and privileges of Plaintiff's employment.

53.     Defendants knew or should have known about the sex discrimination but failed to take appropriate corrective action despite Plaintiff complaining about sexual harassment to Defendants.

54.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, anxiety, and mental anguish.

55.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages, including lost wages, benefits, and other compensation.

56.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under the New York State Human Rights Law, warranting an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### Retaliation for Protected Complaints in Violation of Title VII, 42 U.S.C. § 2000e *et seq.*
### (Against All Defendants)

57.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

58.     Defendants retaliated against Plaintiff in violation of her rights secured by Title VII for opposing what she believed was sexual harassment and making a complaint about the same to Defendants.

59.     Defendants terminated Plaintiff due to her opposition to and complaint about the sexual harassment that she was subjected to.

60.     Plaintiff suffered severe emotional distress and economic loss as a result of the termination of her employment by Defendants.

8

61.    Defendants should also be liable to Plaintiff for punitive damages, since Defendants was intentionally or recklessly indifferent to Plaintiff's rights in terminating her.

62.    Defendants engaged in retaliation with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

63.    Defendants retaliated in the face of a perceived risk that its actions would violate federal law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Retaliation in Violation of the New York State Human Rights Law § 296
### (Against All Defendants)

64.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

65.    The Defendants retaliated against Plaintiff in violation of her rights secured by New York State Human Rights Law § 296 for opposing what she believed was sexual harassment and making a complaint about the same to Defendants.

66.    Defendants terminated Plaintiff due to her opposition to and complaint about the sexual harassment that her co-worker was subjected to.

67.    Plaintiff suffered severe emotional distress and significant economic loss as a result of the termination of her employment by Defendants.

68.    Defendants should also be liable to Plaintiff for punitive damages, since Defendants was intentionally or recklessly indifferent to Plaintiff's rights in terminating her.

69.    Defendants engaged in retaliation with malice or with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

70.    Defendants retaliated in the face of a perceived risk that its actions would violate state law.

9

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Sarah Seymour, by and through her attorneys, Harding Mazzotti, LLP, respectfully demands judgment against Defendants in her favor as follows:

A.   Declaring Defendants' conduct to be in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

B.   Declaring Defendants' conduct to be in violation of Plaintiff's rights under the New York State Human Rights Law;

C.   Ordering Defendants to reinstate Plaintiff to her former position with appropriate back pay and benefits or, in lieu of reinstatement, awarding Plaintiff front pay;

E.   Awarding Plaintiff compensatory damages for lost wages and benefits, including but not limited to: backpay and front pay.

F.   Awarding Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, and pain and suffering;

G.   Awarding Plaintiff punitive damages due to Defendants' willful, malicious, and reckless conduct;

H.   Awarding Plaintiff all applicable interest;

I.   Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements; and

J.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all issues so triable.

Dated: August 1, 2025
      Albany, New York

                                              **HARDING MAZZOTTI, LLP**

BY:    _____

                                       Finn W. Dusenbery, Esq. (Bar ID: 518310)
                                       *Attorneys for Plaintiff*
                                       1 Wall Street
                                       Albany, New York 12205
                                       Tel.: (518) 724-2257
                                       Fax: (518) 389-6812
                                       Email: Finn.Dusenbery@1800law1010.com

TO:    HALAL SHACK UALBANY LLC
        State University of New York at Albany
        1400 Washington Ave
        Albany, NY 12206

        THE HALAL SHACK INC
        State University of New York at Albany
        1400 Washington Ave
        Albany, NY 12206